# UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James Eddie Vickery, Jr., #326358, | ) C/A No.: 4:10-1612-RMG-TER |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| Greenville County Sheriffs Office, Office Vice Narcotics; | ) |
| Officer C.D. March; Officer Lyle Kirian; Officer John | ) Report and Recommendation |
| Garrett; Officer B. Lynn; Officer Jacobsen; Officer John | ) |
| Bennick; Officer J.E. Burris; Officer D. Hall; Officer | ) |
| Stephen Perron; 5 Unknown Officers who did not file an | ) |
| Incident Report, | ) |
| | ) |
| Defendants. | ) |

Plaintiff, a prisoner incarcerated at the Lee Correctional Institution in Bishopville, South Carolina, files this matter pursuant to 42 U.S.C. § 1983 against the Greenville County Sheriff's Office and some of the narcotics officers employed there. Plaintiff alleges the defendants violated his 4th Amendment rights during his arrest on July 17, 2007.

According to the complaint, the officers failed to comply with the "knock and announce" procedures under the 4th Amendment which plaintiff alleges are required when there are no exigent circumstances present. Plaintiff further alleges that once entry was made into the dwelling the defendants exceeded the scope of the search warrant by searching other rooms in the house. The defendants found drug paraphernalia which caused them to seek another warrant to search for narcotics, which they found. For these reasons, plaintiff alleges the defendants are guilty of illegal entry, illegal search, false arrest, and false imprisonment.

Plaintiff seeks "statutory" damages, "substantial" damages, "damage to a person", "exemplary" damages, punitive damages, damages for the bonds he paid to the Greenville County Detention Center in order to be released on bail, damages for the thirty (30) days the plaintiff alleges

he was improperly detained at the Greenville County Detention Center, and damages for "unconstitutional deprivation under the Fourth and Fourteenth Amendments."

On August 13, 2010, the plaintiff was sent special interrogatories to determine if he was convicted of the charges of which he now complains. On September 15, 2010, the plaintiff responded to the court's interrogatories, indicating that after his arrest on July 17, 2007 he was charged with trafficking methamphetamine and with possession of a weapon during the commission of a violent crime. He further states that he was convicted of the charges and is currently serving a sentence, or sentences, for those crimes.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); and *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979). *Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); and *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint the plaintiff's allegations are assumed to be true. *Fine v. City of N. Y.*, 529 F.2d 70, 74 (2nd Cir. 1975). However, even under this less stringent standard, the complaint submitted in the above-captioned case is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Soc. Servs.*, 901 F.2d 387 (4th Cir.

1990).

Insofar as the plaintiff's subsequent conviction, related state court proceedings, and arrest are concerned, the § 1983 complaint is subject to summary dismissal because a right of action has not yet accrued. *See Heck v. Humphrey*, 512 U.S. 477 (1994):

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck v. Humphrey*, *supra*. *See also Schafer v. Moore*, 46 F.3d 43 ( 8th Cir. 1995)("Therefore, in light of *Heck*, the complaint was properly dismissed for failure to state a claim."); and *Woods v. Candela*, 47 F.3d 545 (2nd Cir. 1995)(*per curium*)(plaintiff's conviction reversed by state court in 1993; hence, civil rights action timely filed). *See also Brooks v. City of Winston-Salem, N.C.*, 85 F.3d 178 (4th Cir. 1996)*. Accord Smith v. Holtz*, 879 F. Supp. 435 (M.D.Pa., March 24, 1995); *Burnside v. Mathis*, 2004 WL 2944092 (D.S.C. 2004).

Plaintiff has failed to establish that his conviction has been reversed, expunged, or declared invalid by a state court, and no federal writ of habeas corpus has been issued. Therefore, this action must be dismissed for failure to state a claim.

## **RECOMMENDATION**

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez*, *supra; Neitzke v. Williams, supra; Haines v. Kerner, supra; Brown v. Briscoe*, 998 F.2d

201, 202-204 & n.* (4th Cir. 1993), *replacing* unpublished opinion originally tabled at 993 F.2d 1535 (4th Cir. 1993); *Boyce v. Alizaduh, supra; Todd v. Baskerville, supra*, 712 F.2d at 74; 28 U.S.C. § 1915(e)(2)(B); and 28 U.S.C. § 1915A [the court shall review, as soon as practicable after docketing, prisoner cases to determine whether they are subject to any grounds for dismissal].

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

October 12, 2010
Florence, South Carolina

**_The plaintiff's attention is directed to the important notice on the next page._**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).